AUGUST P. MAYKUT ET AL. *v.* JAMES F. SHUGRUE,
ACTING COMMISSIONER OF TRANSPORTATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 2—decision released July 6, 1976

*Helen F. Krause,* for the appellants (plaintiffs).

*Kenneth N. Tedford,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiffs have appealed from a judgment rendered by a state referee exercising the powers of the Superior Court, and hereinafter referred to as the court, reassessing the damages sustained by the plaintiffs when the defendant took a part of their land for highway purposes.

The plaintiffs assign error in the failure of the court to find certain facts and in finding other facts without evidence. The paragraphs challenged in the finding are supported by the defendant's appendix. Furthermore, the plaintiffs have failed to show that their requested additions to the finding were admitted, undisputed or material. *Walsh* v. *Turlick,* 164 Conn. 75, 76, 316 A.2d 759.

The court found that, before the taking, the plaintiffs owned 9.8 acres of land in the town of Trumbull. The property had 110 feet of frontage on

Roosevelt Drive from which it extended westerly to Park Road where the frontage was 270 feet. Park Road was an old woodland road and in the area of the subject property was wilderness. The defendant took the westernmost 1.55 acres of the property. The area taken resembles a parallelogram with one side being the entire frontage along Park Road, the opposite side being a line cutting off the westernmost portion of the property, and the other two sides extending easterly from Park Road for about 250 feet.

The plaintiffs' appraiser used two methods of valuation. The first was the market data approach using comparable sales of acreage. By the second approach, he determined the value by creating a two-lot layout, which would necessitate constructing a road, installing reinforced concrete pipe to deal with a brook traversing the property, cleaning and excavating the land and paying engineering expenses. The court found that no credible evidence was introduced as to the expense which would be involved in constructing the required road and the amount of the other necessary expenses which would be involved to determine the value by the second approach. By either method, the plaintiffs' appraiser estimated the damages to be $15,700. The defendant's appraiser used the market data approach and estimated the damages to be $6100. In addition, the court viewed the premises.

The court concluded that the proper method of determining the damages, in the light of both the evidence presented and its view of the premises, was the market data approach. It found that the value of the plaintiffs' property before taking was $59,000, and the value after taking was $49,700, resulting in damages of $9300.

The thrust of the plaintiffs' argument is that the court chose not to believe their appraiser. "Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641. "The purpose of offering in evidence the opinions of experts as to the value of land is to aid the trier to arrive at his own conclusion, which is to be reached by weighing those opinions in the light of all the circumstances in evidence bearing upon value and his own general knowledge of the elements going to establish it. *Moss* v. *New Haven Redevelopment Agency,* 146 Conn. 421, 425, 151 A.2d 693; *Appeal of Cohen,* 117 Conn. 75, 85, 166 A. 747. Ultimately, the determination of the value of the land depended on the considered judgment of the referee, taking into account the divergent opinions expressed by the witnesses and the claims advanced by the parties." *Bennett* v. *New Haven Redevelopment Agency,* 148 Conn. 513, 516, 172 A.2d 612.

In the present case, the court used the market data approach with the "before and after rule," which is the most commonly used rule. *Meriden* v. *Highway Commissioner,* 169 Conn. 655, 659, 363 A.2d 1094. The claim that no severance damages were included in the award was a question to be determined by the court and it is implicit from the finding and conclusions that severance damages were not warranted in this case. It does not appear that in determining the value of the plaintiffs' land the court misapplied or overlooked, or gave a wrong or improper effect to, any test or consideration which it was its duty to regard.

There is no error.