WESLEY R. BLAKEMAN ET AL. *v.* KEVIN TOBIN ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued March 14—decision released May 29, 1979

*Arthur Levy, Jr.,* with whom, on the brief, were *Gerald S. Spiegal* and *Steven A. Levy,* for the appellant (defendant Robert J. Wright).

*Edward M. Rockett,* with whom was *Joseph E. Sakal,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs brought this negligence action[1] to recover from the defendants Kevin Tobin and Robert J. Wright, the plaintiffs' insurance agents, damages resulting from a fire on the premises owned by the plaintiffs. On June 8, 1967, a general endorsement was issued for the plaintiffs' fire insurance policy on the premises in question with an expiration date of June 8, 1969. On December 4 or 5, 1968, the building caught fire and a substantial portion of it was completely destroyed. Subsequently the defendant Wright advised the

[1] The plaintiffs did not include a statement of facts in their brief, so this court relied on the statement of facts contained in the defendant's brief in accordance with Practice Book, 1978, § 3055 (b).

plaintiffs that there was no insurance on the building because the policy had not been renewed owing to a typographical error made by one of the defendant's staff. The plaintiffs, who were under the impression that the premises were insured at the time of the fire, had a running account with the defendants and had never been told that any of their policies would not be renewed. The present action was brought against the defendants to recover damages for their negligence in failing to renew the policy. The named defendant paid a sum of money and received a covenant not to sue and the case was continued against the defendant Wright only (hereinafter the defendant).

Liability is not in issue in this appeal. On the basis of the evidence, the jury could have found the defendant liable. The counsel for the defendant Wright conceded this in oral argument. The only issue is whether there was sufficient evidence on damages to support the verdict rendered. "The ultimate measure of damages in a case such as this is the diminution in the value of the plaintiff's property caused by the defendant's tort. It is, however, well established that such diminution in value may be determined by the cost of repairing the damage, provided, of course, that that cost does not exceed the former value of the property and provided also that the repairs do not enhance the value of the property over what it was before it was damaged." *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* 137 Conn. 562, 573, 79 A.2d 591 (1951); *Falco* v. *James Peter Associates, Inc.,* 165 Conn. 442, 446, 335 A.2d 301 (1973).

The thrust of the defendant's argument is not that the trial court used an incorrect measure of damages

but that the jury chose to believe the plaintiffs' appraiser rather than his. The facts recited indicate that the plaintiffs' appraiser gave his estimate of the cost of repairs and his further opinion that his estimate was not subject to deductions such as depreciation as was considered by the defendant's appraiser. " 'Nothing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony.' " *Maykut* v. *Shugrue,* 171 Conn. 286, 288, 370 A.2d 923 (1976). "The trier can accept the testimony of the experts offered by one party and reject that of the experts offered by the other." *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 586, 153 A.2d 420 (1959). The testimony of the plaintiffs' appraiser supported the verdict rendered.

There is no error.