ANTOINETTE SPERA *v.* AUDIOTAPE
CORPORATION ET AL.
(2351)

TESTO, DUPONT and BORDEN, Js.

Argued January 17—decision released May 8, 1984

*Leo Gold,* with whom, on the brief, was *Isadore M. Mackler,* for the appellant (defendant).

*Jay H. Sandak,* for the appellee (plaintiff).

BORDEN, J. The defendant appeals[1] from a judgment awarding the plaintiff damages for breach of lease provisions by the defendant. The court found the following facts. In 1964, the plaintiff leased the defendant a building for a term which, with renewal options, ran until 1982. At the beginning of the lease, the building was a combination of light manufacturing and office space. The office space had tile floors and two separate lavatories, was separated from the rest of the building by cinderblock walls to which were affixed wood paneling, and had a drop ceiling with flush lighting fixtures. The rest of the space was for manufacturing.

Paragraph 14 of the lease gave the defendant the right to make improvements and alterations to the premises, "but only after the consent in writing by the lessor; it being expressly understood however that such consent shall not be withheld unreasonably." In 1974, the defendant decided to change its use of the building to a cassette manufacturing plant. This involved eliminating the office space and increasing the electrical amperage, major changes amounting almost to gutting the interior completely. On May 1, 1974, the defendant sent the plaintiff a letter requesting consent to the changes and requesting her, if she did consent, to sign a copy of the letter and return it to the defendant. The plaintiff did not respond. The defendant, construing the plaintiff's silence as either acquiescence[2] or unreasonable withholding of consent, thereafter proceeded to make the alterations, which involved removing the office space including its walls, ceilings, tile floors, and lavatories, removing all the light fixtures throughout the building, and constructing a cement pad surrounded by a chain link fence at the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] On an earlier occasion the defendant had made minor alterations after receiving no response to a similar letter.

front of the building to support a proposed electrical transformer for the increased electrical amperage. The plaintiff learned of the defendant's conduct when the utility company requested an easement across her property to install the new electrical service. After the plaintiff instituted a summary process action, the defendant voluntarily vacated the premises without restoring it in any way. The plaintiff then attempted without success to sell or lease the property for sixteen months, after which time she sold it to her children for $120,000, financed in part by a $100,000 purchase money mortgage at six percent interest. This price took into account the cost of restoring the building, which was $60,650. The children thereafter leased the property at a higher rent than that required under the defendant's lease, but the plaintiff received no benefit from that subsequent lease.

The court concluded that the defendant breached the lease by making the alterations without obtaining the plaintiff's prior consent, which was not unreasonably withheld. The court awarded the plaintiff damages in the amount of the $60,650 cost of restoration, less two credits the propriety of which are not involved in this appeal, for a net award to the plaintiff of $41,900.

The defendant makes a number of claims on appeal which rely, in one way or another, on attacking critical factual determinations of the trial court. These claims are in essence that, because the plaintiff's failure to consent to the alterations was unreasonable, the court erred in finding that the defendant had breached the lease; that the plaintiff's failure to respond to the request for alterations gave rise to an implied waiver or estoppel; that the plaintiff did not make a proper effort to mitigate damages; and that the security deposit clause of the lease amounted to a liquidated damages clause. We have considered all these claims in the light of the factual findings of the trial court and

the record. We conclude that, since those findings are not clearly erroneous, these claims must be rejected.

The defendant also makes a claim relating to the restoration of the premises. It argues that paragraph 21 of the lease does not apply to the removal of partitioning walls and electrical fixtures;[3] and, in the alternative, that if paragraph 21 does apply the parties agreed upon an exclusive remedy in the second sentence of the paragraph.

Although the court quoted paragraph 21, we read the memorandum of decision as relying on paragraph 14 as the basis of its finding that the defendant breached the lease. Furthermore, the defendant did not seek, pursuant to Practice Book § 3082, to have the court further articulate its decision in this regard. The burden is on the appellant to present us with an adequate appellate record to review the basis of the decision of the trial court. Under these circumstances we have no basis on which to find error. See *Pointina Beach Assn., Inc.* v. *Stella,* 1 Conn. App. 341, 343, 471 A.2d 970 (1984).

The defendant next argues that the court erred in concluding that the cost of restoration was the proper measure of damages. We agree.[4]

---

[3] Paragraph 21 provides as follows: "At the expiration or sooner termination of this lease, or of any extension or renewal hereof, the Lessee shall remove all of its fixtures, machinery, equipment, and additions made to said premises and shall in so doing put the premises back in the same condition as they are now in, ordinary wear, tear and needed painting excepted. Upon the failure of the Lessee to remove the above mentioned items within thirty (30) days after the expiration of this Lease, the Lessor may remove same at the expense of the Lessee."

[4] The defendant also argues that because the property, after it was sold to the plaintiff's children, was leased on rental terms in excess of the rent set forth in the defendant's lease, the defendant is entitled to a credit. The court found that although the sale to the plaintiff's children might have been favorable, the consideration was substantial and there was no evidence of fraud in the transaction. Our review of the record supports this finding.

The general rule of contract damages is that the injured party should be placed in a position he would have been in had the contract been fully performed. *Loda* v. *H.K. Sargeant & Associates, Inc.,* 188 Conn. 69, 82, 448 A.2d 812 (1982). The damages are to be calculated as of the date of the breach. In *Levesque* v. *D & M Builders, Inc.,* 170 Conn. 177, 365 A.2d 1216 (1976), however, the court adopted the rule that limits such damages involving real property to the diminished value of the property whenever the cost of restorations is dramatically larger than is the difference in value. The purpose of this rule is to avoid unreasonable economic waste. Id., 181. This diminution in value may be determined by the cost of restoration, if that cost does not exceed the former value of the property and if the restoration does not enhance the value of the property over what it was before the injury. See *Blakeman* v. *Tobin,* 177 Conn. 597, 598, 419 A.2d 336 (1979); *Johnson* v. *Healy,* 176 Conn. 97, 106, 405 A.2d 54 (1978); *Richard* v. *A. Waldman & Sons, Inc.,* 155 Conn. 343, 349, 232 A.2d 307 (1967); see also *Missouri Baptist Hospital* v. *United States,* 555 F.2d 290, 295 (Ct. Cl. 1977).

The burden is on the plaintiff to present "evidence which affords a reasonable basis for measuring" her loss. *Ferri* v. *Pyramid Construction Co.,* 186 Conn. 682, 691, 443 A.2d 478 (1982). Although it is often impossible to prove damages with mathematical exactitude, the plaintiff must nevertheless provide sufficient evidence for the trier to make a fair and reasonable estimate. Id. This includes, in a case such as this involving

---

Nor is there anything in the record which would require us, as the defendant appears to urge, to find as a matter of law that the sale was made in bad faith to enable the plaintiff to avoid her duty to mitigate. Thus, the sale to the plaintiff's children was valid; the plaintiff derived no benefit from the subsequent increased rent; and the defendant cannot charge the plaintiff with that increase.

extensive changes in the property, providing evidence of the relevant comparative values. See *Falco* v. *James Peter Associates, Inc.*, 165 Conn. 442, 446, 334 A.2d 475 (1973). Although the trial court here found that the sale of the property took into account the cost of restoration, it did not find that the difference in values was equal to or approximated that figure. Moreover, it is clear that it only employed the cost of restoration rule of damages without regard to the possibility of unreasonable economic waste.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as she may prove on a new trial limited to the issue of damages.

In this opinion the other judges concurred.