JOHN BELINSKY, SR., ET AL. *v.*
LEWIS P. BELINSKY ET AL.
(3474)

SPALLONE, DALY and F. HENNESSY, Js.

Argued June 14—decision released September 3, 1985

*Lewis R. Whitehead,* for the appellants (plaintiffs).

*Harold B. Yudkin,* for the appellee (named defendant).

*James Conklin II,* for the appellee (defendant Stephen Hornak, Jr.).

F. HENNESSY, J. This is an appeal by the plaintiffs claiming that the trial court erred in finding that they had failed to sustain their burden of proving by a fair preponderance of credible evidence that irreparable harm had been done to them sufficient to warrant the issuance of a mandatory injunction.[1]

The defendant, Lewis P. Belinsky, the owner of an undivided one-quarter interest in a tract of land co-owned by the plaintiffs, joined with the defendant, Stephen Hornak, Jr., in a business venture to collect, store and sell used automobile tires. The defendants stored thousands of tires on the land and many tires still remain, even though the business is no longer in existence. The plaintiffs want the defendants to remove all the tires.

On appeal, we must determine whether the trial court's decision is clearly erroneous. "This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find

---

[1] Although the plaintiffs in their complaint sought a prohibitory injunction as well as a mandatory injunction, which in contrast to a prohibitory injunction, generally, involves a change in the status quo by directing that something be done; 42 Am. Jur. 2d, Injunctions §§ 16 and 17; they did not pursue that claim on appeal.

support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Footnote omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

The trial court in its memorandum of decision concluded, without any elaboration, that the plaintiffs failed to sustain their burden of proof. The plaintiffs did not move, pursuant to Practice Book § 3082, for a further articulation from the trial court as to the factual basis of its decision. *Newington* v. *General Sanitation Service Co.,* 196 Conn. 81, 84, 491 A.2d 363 (1985). Instead, they appealed claiming that the trial court erred in finding as a fact that the plaintiffs failed to establish irreparable harm sufficient to warrant the issuance of a mandatory injunction. The plaintiffs, in their brief, provide a statement of facts suppported by appropriate references to the transcript or the record. Practice Book § 3060F (c). The defendants submitted briefs which contain counter statements of facts but these statements do not refer to the transcript or the record. See Practice Book § 3060G (c). This court is therefore limited to the plaintiffs' statement of facts. *Blakeman* v. *Tobin,* 177 Conn. 597, 597 n.1, 419 A.2d 336 (1979).

The plaintiffs presented evidence that the presence of the tires reduces the value of the land and thereby thwarts their efforts to sell the property at a reasonable price, that the presence of the tires creates a continuing zoning violation, and that the tires create a fire hazard and a condition of attractive nuisance. The plaintiffs also presented evidence that there were facilities which would take the tires, including one located in

New Haven. The defendants, Lewis Belinsky and Stephen Hornak, Jr., allege in their pleadings that they had removed all the tires which they deposited on the plaintiffs' property.

A mandatory injunction will not issue where the plaintiffs have an adequate remedy at law. *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 480, 447 A.2d 1 (1982); *Cahill* v. *Board of Education,* 187 Conn. 94, 97–98, 444 A.2d 907 (1982). Testimony disclosed that the tires could be removed and that certain facilities would accept those tires. Although this may be a costly procedure for the plaintiffs, it does not deprive them of an adequate remedy at law since a suit for damages for the cost of the removal could be brought. We, therefore, do not find that the trial court erred.

There is no error.

In this opinion the other judges concurred.