GERRETY COMPANY, INC. *v.* LOUIS W. PALMIERI ET AL.
(4611)

HULL, BORDEN and SPALLONE, Js.

Argued April 9—decision released June 9, 1987

*Joseph Chiarelli,* for the appellant (named defendant).
*Joseph Glass,* for the appellee (plaintiff).

HULL, J. The plaintiff lumber company brought suit against the defendant[1] seeking to recover for goods sold and delivered.[2] The defendant counterclaimed for damages resulting from the installation of allegedly defective

---

[1] In the original complaint, both Louis Palmieri and his wife Marcia were party defendants. During the course of the trial, the plaintiff withdrew the complaint against Marcia Palmieri. The term defendant, as used herein, will refer to Louis Palmieri.

[2] Although this case does concern the sale of goods, and is therefore covered by Article 2 of the Uniform Commercial Code, neither party addressed their claim as such. We decide cases upon the grounds they were decided in the trial court. *L.F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 51, 514 A.2d 766 (1986). We consequently will not consider the issues under the UCC.

materials. After a trial to a jury, the plaintiff was awarded damages on his complaint and the defendant was awarded damages on his counterclaim. The court granted the plaintiff's motion to set aside the verdict for the defendant, and rendered judgment for the plaintiff on both the complaint and the counterclaim. The court denied the defendant's motions to set aside the verdict for the plaintiff and to reinstate the verdict in his favor on the counterclaim. From that judgment, the defendant appeals, claiming that the court erred (1) in allowing the jury verdict to stand and rendering judgment in favor of the plaintiff when the sole evidence introduced was that the goods in question were defective, (2) in leading the jury to believe that it was deciding the complaint and counterclaim in conjunction with one another and then only retaining a portion of the verdict, (3) in requiring proof of diminution in value of the property as the sole standard to prove damages, (4) in requiring evidence of the change in valuation of the property in addition to the cost of repair and the cost of the goods installed, and (5) in refusing to allow the defendant to offer evidence of a change in value of the premises.

The jury could reasonably have found the following facts. While he was constructing his home, the defendant purchased from the plaintiff "¾ inch tongue in groove" plywood for the subfloor of the house. The defendant noticed that some of the plywood delaminated, and notified the plaintiff. The defendant refused the plaintiff's offer to replace the ¾ inch plywood with ¼ inch plywood, but accepted a subsequent offer of ⅜ inch plywood. The plaintiff also supplied all materials for installation free of charge. The defendant then laid the ⅜ inch plywood over the ¾ inch plywood, despite the "bumps and waviness" in the floor. The floor buckled after the defendant laid tile and hardwood over the subfloor, causing damage to the tile and wood.

The defendant stated that he had no choice but to cover the existing plywood with ⅜ inch plywood, as the door and window heights had already been established. He testified at trial, however, that ¾ inch plywood over the existing plywood would have solved the problems he encountered. He testified further that it was not economically feasible to replace the floor entirely after it had been laid.

At trial, after defense counsel ended his direct examination of the defendant, the presiding judge met in chambers with both counsel. He discussed settlement with them and informed defense counsel that he had failed to introduce necessary evidence of diminished value of the house. When court reconvened, defense counsel moved to reopen his direct examination. The court sustained the plaintiff's objections to the motion. On redirect examination, the plaintiff's objection to defense counsel's profferred testimony was again sustained. No evidence of the diminished value of the house was ever introduced.

I

The defendant's first claim is that the court erred in allowing a jury verdict to stand and rendering judgment for the plaintiff. His third claim is that the court erred in requiring proof of diminution in value of the property as the sole standard to prove damages. His fourth claim is that the court erred in requiring evidence of the change in valuation of the property in addition to the cost of repair and the cost of the goods installed. His fifth claim is that the court erred in refusing to allow the defendant to offer evidence of a change in value of the premises. As these four claims are related, we will address them together.

Our role in reviewing the respective granting and denying of the motions to set aside the verdicts in this action is limited. The ruling of the trial court on a

motion to set aside the verdict, because of its familiarity with the facts, is entitled to great weight. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982); *Vazzano* v. *Slater,* 6 Conn. App. 1, 4, 502 A.2d 440 (1986). "The trial court has the inherent power to set aside a jury verdict which, in the court's opinion, is either against the law or the evidence. Maltbie, Conn. App. Proc. § 181." *O'Brien* v. *Seyer,* 183 Conn. 199, 208, 439 A.2d 494 (1981). Our standard of review is therefore whether the court's action constituted a "clear abuse of discretion." Id.; *Labatt* v. *Grunewald,* 182 Conn. 236, 240, 438 A.2d 85 (1980). Similarly, "[t]he trial court's refusal to set aside a verdict is entitled to great weight and its decision will not be disturbed on appeal unless the court clearly abused its discretion." *Ryan* v. *Mill River Country Club, Inc.,* 8 Conn. App. 1, 4, 510 A.2d 462 (1986).

"The general rule of contract damages is that the injured party should be placed in a position he would have been in had the contract been fully performed . . . . In *Levesque* v. *D & M Builders, Inc.,* 170 Conn. 177, 365 A.2d 1216 (1976), however, the court adopted the rule that limits such damages involving real property to the diminished value of the property whenever the cost of restorations is dramatically larger than is the difference in value. The purpose of this rule is to avoid unreasonable economic waste. Id., 181." *Spera* v. *Audiotape Corporation,* 1 Conn. App. 629, 633, 474 A.2d 481 (1984). The burden is on the claimant to present evidence which affords a reasonable basis for measuring loss. Id., citing *Ferri* v. *Pyramid Construction Co.,* 186 Conn. 682, 691, 443 A.2d 478 (1982).

In the present case, the defendant in effect testified that the cost of restorations would be dramatically larger than the difference in value, and that it would not be economically feasible to make the restorations. He was therefore precluded from utilizing the cost of

repairs as a possible assessment of damages. Further, as the cost of repairs must be calculated as of the date of breach; *Spera* v. *Audiotape Corporation,* supra; and the defendant presented evidence only of the cost at the time of trial, which was approximately six years later, his evidence would have been of little value even if it had been economically feasible to make repairs. Thus, the court did not abuse its discretion in concluding that evidence of diminution in value of the house was essential to the plaintiff's case.

The defendant did not present any testimony during his case in chief as to the diminution of value of the house. He attempted to reopen his case only after the court alerted him to the defect in his case. Whether a trial court will permit further evidence to be offered after the close of a party's case-in-chief is a matter resting within its sound discretion. *Poly-Pak Corporation of America* v. *Barrett,* 1 Conn. App. 99, 104, 468 A.2d 1260 (1983), citing *State* v. *Holmquist,* 173 Conn. 140, 152, 376 A.2d 1111, cert. denied, 434 U.S. 906, 98 S. Ct. 306, 54 L. Ed. 2d 193 (1977); see also *Hauser* v. *Fairfield,* 126 Conn. 240, 242, 10 A.2d 689 (1940); 2 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 210e. As the defendant had been given a full and fair opportunity to present his case, we conclude that the court did not abuse its discretion in not allowing him to reopen his examination after being alerted of his omissions.

We conclude that the court did not abuse its necessarily broad discretion in setting aside the defendant's verdict and upholding the plaintiff's verdict. That action was reasonable in light of the defendant's failure to address the issue of damages adequately. Regardless of evidence presented that the goods were defective, the plaintiff did not provide the jury with a sufficient basis upon which to award him damages.

With respect to his second claim of error, the plaintiff cites no case or authority which recognizes error in retaining a portion of the verdict and rejecting a portion of the verdict on the ground that the jury had performed a "balancing" of the verdicts. As we have no adequate briefing of this issue, the claim is therefore not reviewable. *Griffin* v. *Muzio,* 10 Conn. App. 90, 94, 521 A.2d 607 (1987).

There is no error.

In this opinion the other judges concurred.