[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Allstate Insurance Company, ("Allstate") has filed an objection to the report of the attorney trial referee filed on May 14, 1991. The suit involves the claim by Allstate, as subrogee, that the defendant, Charles Garguilo, negligently undertook a plumbing repair that resulted in damage to the property of Allstate's insured.
The attorney trial referee filed a report finding that the defendant was negligent and that his negligence had caused water CT Page 6591 damage to the premises of Allstate's insureds. The attorney trial referee found that the plaintiff had not, however, established its damages, but had merely shown that Allstate had issued a check to its insureds in the amount of $1549.11 without establishing through any admissible evidence what the actual cost of repair was or what the reasonable cost to repair the damage was. Scrutiny of the trial transcript reveals that the plaintiffs attempted to prove its damages through various forms of hearsay which were excluded by the trial referee upon objection by the pro se defendant. (See pages 6, 8, 9) (The transcript further indicates that Exhibits A and B were marked for identification only and were not admitted as full exhibits, though they do not, on their face, bear markings indicating that they were marked for identification only.)
The plaintiff presented no witnesses to link the amount of its check to any actual repairs. At most, the evidence, as elicited by the defendant on cross examination of one of the insureds, indicated that the insureds paid a contractor in cash "[f]rom the money we received from Allstate" [emphasis supplied] (Tr. p. 18) without any indication whether the full amount received was paid for repairs or whether the cash payment was some lesser amount taken from the amount received from Allstate. No bills or receipts were introduced into evidence to indicate the amount actually paid for repairs, nor did any witness testify as to the reasonable cost of repair. The defendant objected to use of hearsay to establish damages. (Tr. p. 9).
The burden is on a plaintiff to present evidence that offers a reasonable basis for measuring loss. Ferri v. Pyramid Construction Co., 186 Conn. 682, 691 (1982); Falco v. James Peter Associates, Inc., 165 Conn. 442, 445 (1973); Gerrety Co. v. Palmieri, 11 Conn. App. 226, 230 (1987).
The attorney trial referee was not obligated to infer that the amount of Allstate's check to its insureds corresponded to the cost of the repairs, especially in view of the fact that the insured testified that payment for repairs came "from" the Allstate check, not that the repairs cost the full amount of the check. Plaintiff's counsel conspicuously did not ask either insured how much was actually paid for repairs.
Upon being advised that the attorney trial referee considered that he had proven liability but not damages, plaintiff's counsel requested a continuance to secure the testimony of a representative of the plaintiff. The attorney trial referee denied this request. Here, as in Gerrety Co. v. Palmieri, supra, at 231, the plaintiff was afforded a full and fair opportunity to present its case, and the trial referee did not abuse his discretion by failing to grant a continuance over the objection of the defendant. CT Page 6592
The plaintiff's objection to the report of the attorney trial referee is hereby overruled. The trial referee did not err in concluding that the plaintiff failed to establish its damages by competent evidence. Judgment shall enter in favor of the defendant in accordance with the report of the attorney trial referee.
HODGSON, J.