[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff administrator brings this action against the defendants Lucien Piccirillo and Lucien Piccirillo, Jr. in two counts.
In the first count, the plaintiff seeks payment for use and occupancy of premises located at 18 Pine Street, Newtown, for the months of August through November, 1996, and January through March, 1997.
The second count claims damage to the premises beyond normal wear and tear, as well as expenses to clean the interior and the exterior grounds of 18 Pine Street, Newtown.
This action was originally brought by Peter Piccirillo as Administrator, the Estate of Diane Piccirillo, and was made returnable June 10, 1997.
On October 10, 1997, following the removal of Peter Piccirillo as administrator, the estate was permitted to substitute Stephen J. Adams, Esq. the substitute plaintiff, following his appointment as administrator by the Probate Court for the District of Newtown. CT Page 4541
Trial was held on January 26, 1998 and March 9, 1998.
In the summer of 1996, a summary process action seeking immediate possession of the premises was brought by Peter Piccirillo in his capacity as administrator (Exhibit 1).
Judgment was entered in favor of the plaintiff (Exhibit 2), and it was agreed that reasonable use and occupancy of the premises was $600 per month (Exhibit 3). It is admitted by the plaintiff that the sum of $600 for use and occupancy was paid for December, 1996.
The defendants remained in possession until March of 1997, when they were removed from the premises on March 11, 1997 by the eviction process (Exhibit 9).
At trial, the plaintiff produced testimony concerning the condition of the premises subsequent to March 11. The testimony of Peter Piccirillo, substantiated by photographs of the property immediately following the eviction (Exhibits 10A through TT), attested to the situation.
Two estimates for the cost of cleanup (Exhibits 11 and 12) were introduced, supplemented by testimony from Donald Singer, who submitted Exhibit 12, which estimated the cost of cleanup at $7500.
William Nicholson, zoning enforcement officer for the Town of Newtown, also testified. Mr. Nicholson issued a cease and desist order in January of 1997, citing unregistered vehicles, tires, building materials and other debris at 18 Pine Street, in violation of the zoning regulations of the Town of Newtown (Exhibit 13).
USE AND OCCUPANCY PAYMENTS
The plaintiff, in his complaint, claims use and occupancy payments for the months of August through November, 1996, and January through March, 1997.
It is admitted that the defendants paid $600 for the December, 1996 rent, and that the parties agreed that $600 per month was the reasonable value for use and occupancy of the premises (Exhibit 3). The amount of rent agreed to by the parties is a proper measure of damages. Rokalor Inc. v. ConnecticutCT Page 4542Eating Enterprises, Inc., 18 Conn. App. 384, 389-90 (1989).
It is found that damages for six full months rent at $600 per month, plus eleven days in March, 1997, prior to the eviction (Exhibit 9), at $20 per day ($220), have been proven.
It is found that the plaintiff is due $3820 for the use and occupancy of 18 Pine Street, Newtown.
COST OF CLEANUP OF PREMISES
Although alleged in paragraph 4 of count two, the plaintiff has failed to offer any evidence concerning damage to the real property or improvements at 18 Pine Street, Newtown. The measure of damages concerning improvements to real property may be defined as the cost of repairing the damage, provided the cost of repair does not exceed the value of the property, and the repair places the property in substantially the same condition it was prior to the damage, rather than enhancing its value. Ferri v.Pyramid Construction Co., 186 Conn. 682, 689 (1982); Blakeman v.Tobin, 177 Conn. 597, 598 (1979).
Although there was testimony of damage to a wall, when sheet rock was punctured with a metal bar, and the damage is confirmed in a photograph, no evidence of the cost of repairing the wall or removing the "Happy Clean Up" written in large letters on the wall (Exhibit 10A) was presented.
Photographs taken by William Piccirillo (Exhibit 10A through TT), show the inside of the house and the grounds littered with debris. Trash, unused food, broken furniture, tires, assorted appliances, clothing and parts of cars are visible in the mountain of garbage remaining at 18 Pine Street immediately after the eviction was concluded.
The unsightly condition captured in the photographs and the testimony is further accentuated and verified by the cease and desist order from the Town of Newtown (Exhibit 13).
Further evidence that the filth, trash and debris resulted from the acts of the defendants at or near the time of the eviction, is provided by the photograph containing crude, vulgar greeting, and a reference to the cleanup of the property (Exhibit 10A). CT Page 4543
Donald Singer, who estimated the cost of the cleanup to be $7500 Exhibit 12), testified in detail regarding the number of hours the cleanup would consume, and the number of dumpsters needed.
It is not necessary that work actually be completed in order to consider an estimate bearing upon damages. Damages may be based on reasonable and probable estimates. Bertozzi v. McCarthy,164 Conn. 463, 468 (1973); Petroleum Corporation v. Piergrossi,137 Conn. 620, 624 (1951); DiNapoli v. Doudera,28 Conn. App. 108, 112 (1992).
Here, not only was the estimate presented, but the individual who prepared the estimate was in court, and subject to cross-examination. A second estimate, concerning the same work, was also received, and that estimate was higher (Exhibit 11).
It is found that Exhibit 12, coupled with the testimony of Mr. Singer, provides a reliable, probable estimate of the cost of cleaning up the property.
It is found that the cost of the cleanup of the property is $7500.
CONCLUSION
Judgment may enter in favor of the plaintiff, and against both defendants, in the amount of $11,320, plus costs.
Radcliffe, J.