OLIVER F. ROBBINS *v.* JOSEPH J. McGUINNESS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued May 10—decision released July 3, 1979

*Anthony A. Tomaro,* for the appellant (plaintiff).

*Jon S. Berk,* for the appellee (defendant).

PER CURIAM. On November 20, 1966, the plaintiff along with others not parties to this action entered into a contract to purchase land in Guilford. On December 16, 1966, all parties to the contract gathered at the law office of the defendant attorney, Joseph J. McGuinness, for the closing. The defendant represented all parties to the transaction. On the date of the closing, the defendant had completed the title search for this conveyance and the plaintiff paid the defendant for his services, including the title search. The land conveyed was represented to contain nine and one-half acres more or less. The description of the property on the deed was:

"East by 360′ Frontage on Little Meadow Road

South by Allen 631.73′

West by land of John Chapman, more lately Halbing

North by land 1100′, more or less."

In 1971, the defendant and another person bought land to the north of the plaintiff's property, a survey of which indicated that it included about four and one-half acres of the plaintiff's land. By various transactions, the title to the land bought in 1966 by the plaintiff and others came into the ownership of the plaintiff and his wife as joint owners.

The present action was commenced on December 19, 1972, claiming negligence on the part of the defendant in the first count and breach of contract in the second count. The claims of negligence as alleged in the first count of the complaint all relate to the negligence of the defendant in his search of the plaintiff's title.[1] The defendant pleaded the statute of limitations to both counts.

Prior to the trial of this case, the plaintiff instituted an action under General Statutes § 47-34 to establish boundary lines. That action established that the plaintiff had received 9.04 acres. This was within the nine and one-half acres more or less stated in his deed. No claim is now pressed that the plaintiff did not receive the acreage which was bargained for in 1966. In the present action, the plaintiff seeks only to recover his expenses from the prior action which proved that the defendant was not in error in the title search or description.

---

[1] The plaintiff's complaint alleged the following:

"8. The losses and damages of the Plaintiff were due to the carelessness and negligence of the Defendant Joseph J. McGuinness:

(a) In that he failed to make a proper search of the land Records wherein the land was located;

(b) In that the Defendant Attorney failed to discover while searching the Land Records that the boundary lines of the premises were not clear and precise but were, in fact, unclear and undefined yet despite this, allowed the Plaintiff to purchase the land without any oral or written warning to the Plaintiff to have a survey of said land before making said purchase;

(c) In that the Defendant if he exercised reasonable care and attention in searching the property knew, or should have known that the boundaries were unclear and undefined but yet failed to notify the Plaintiff that there was some question of both the boundary line and the amount of land in question;

(d) In that he failed to search the Land Records and the title of adjoining lands to said premises when prudence and wisdom dictated that this should be done in order to properly ascertain the boundary line to said premises."

After the trial was completed, the court directed a verdict in favor of the defendant on the basis that the statute of limitations had expired on each count. This action was brought more than six years after the closing of the December 16, 1966, transaction.

As to the first count in negligence, General Statutes § 52-577 states that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The plaintiff claims that paragraph 8 (c) of his complaint[2] can be construed to allege a continuing failure on the part of the defendant to notify the plaintiff that there was some question about where the boundary line lay and the amount of land transferred. If the alleged negligence was the failure to notify until the defect is discovered, the statute of limitations would not run until the course of conduct is completed. *Handler* v. *Remington Arms Co.*, 144 Conn. 316, 321, 130 A.2d 793 (1957).

A fair reading of the allegations of negligence in the complaint reveals that they all pertained to the completed act of the title search which occurred on or before December 16, 1966, and they do not reasonably include claims of continuing conduct on the part of the defendant thereafter. The court was not in error in directing the verdict for the defendant as to the first count.

The second count alleges the defendant breached his employment contract with the plaintiff by failing to represent the plaintiff's interests in the purchase of the Guilford property. A cause of action for breach of a contract must be brought within six years of the breach. General Statutes § 52-576. The

---

[2] See footnote 1, supra.

legal services of the defendant contracted for by the plaintiff "to represent his interests in the purchase of said property" were completed on December 16, 1966, at the time of the transfer of the property. The rule of continuing duty to warn enunciated in *Handler* v. *Remington Arms Co.*, supra, is inapposite here because, after the purchase was made, a warning that the boundary was indefinite or the amount of land was inaccurate could affect nothing. It is clear that the second count does not allege any continuing duty on the part of the defendant subsequent to the transfer of the property. The statute of limitations commenced to run from December 16, 1966. See 18 A.L.R.3d 978, 1012. The court was not in error in directing the verdict for the defendant in the second count.

There is no error.