[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (FILE #112 and #114)
This action has been brought pursuant to General Statutes Section 52-592, the accidental failure of suit statute.[1]
The original action was filed by the named plaintiff's decedent, Mary Adamec, against the same defendants herein named, Limited Partnership and the Town of East Hartford.[2] Both the original action and the present one allege that Mary Adamec sustained injuries when she slipped and fell on a defective sidewalk maintained and controlled by each of the defendants.[3]
It is alleged, and the parties have agreed, that the date on which Mary Adamec fell, and sustained injuries, was June 21, 1984. The CT Page 476 date of service of the original complaint, according to the return, was July 8, 1986. Mary Adamec died on October 1, 1987, and Anthony Adamec was appointed Executor of her estate on May 2, 1988.
In the original action, defendants asserted by way of special defense the appropriate two year statute of limitation.[4] On October 12, 1988, the Court (Aronson, J.) granted summary judgment on the special defense(s) stating: "In view of the deemed admission that the fall occurred on June 21, 1984, service of the writ on 7/8/86 bars the action under C.G.S. 52-584. The writ was served 17 days and 2 years after the fall on 6/21/84, and therefore not saved by C.G.S. 52-593a."[5] Following summary judgment in CV319905, this action was filed on September 29, 1989, the complaint having been served on September 22, 1989.
In the present case defendants have again asserted, by way of special defense(s), the statute of limitation (General Statutes52-584). In opposition to defendants' motions for summary judgment, plaintiffs maintain that this action is properly within the ambit of Section 52-592.[6]
Under Prac. Bk. Section 379, any party may move for summary judgment when the pleadings are closed.[7] Section 384 provides that judgment shall be rendered if the pleadings, affidavit(s), and other supporting documentation establish that there exists no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Summary judgment is a mechanism for the disposition of cases in a more expeditious, less costly manner. Yanow v. Teal Industries, Inc., 178 Conn. 261,269 (1979). In considering such a motion, the court's function is to apply the rules of practice and determine "whether an issue of fact exists, but not to try that issue if it does exist." Michaud v. Gurney, 168 Conn. 431, 433 (1975). Affidavits, documents, and all pleadings are to be considered in determining whether there exists a genuine issue of fact. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12 (1983). Mere assertions or allegations of fact are insufficient to establish the existence of a material fact, and will not refute evidence properly presented to the court. Id. In short, the summary judgment motion is designed to dispose of actions in which there is no genuine issue of any material fact. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984); Michaud v. Gurney, supra at p. 433.
Both parties here have filed memoranda of law. In support of the motions, defendants have filed copies of Judge Aronson's decision in the original action (CV 31 99 05) granting summary judgment on the special defense that the action was barred by the appropriate statute of limitation (Section 52-584) in that service was made upon the defendants two years and seventeen days after the incident, and the action was not saved by Section 52-593a(a). CT Page 477
It is defendants' position that the present action cannot be brought pursuant to Section 52-592 because the prior action (CV 31 99 05) was not "commenced within the time limited by law." Plaintiffs, on the other hand, maintain that Section 52-592 is a remedial enactment and should not be interpreted, under these circumstances, to preclude the bringing of this second action. Specifically, plaintiffs point out that it is not disputed that the process in the prior action was delivered to the process server before the expiration of the two year statute of limitation, therefore, the plaintiffs contend that the failure of the preceding action (CV 31 99 05) resulted from "insufficient service . . of the writ due to . . . the default or neglect of the officer to whom it was committed . . ."[8]
Defendants rely on Judge Goldberg's well reasoned decision in Donahue v. Dearborn, 5 Conn. Cir. 487 (1969); this court accepts the rationale of that case, and of Dulman v. Samse, 4 C.S.C.R. 69
(1988), as dispositive of the instant matter. In Donahue, the plaintiff gave the sheriff the writ and papers before the relevant statute of limitations had run, but the sheriff served the defendant after the statute of limitations had expired. The plaintiffs argued in Donahue that they were entitled to bring the second action pursuant to Conn. Gen. Stat. 52-592 because it was the sheriff's "default or neglect" that resulted in late service upon the defendant. The court rejected the plaintiffs' argument that they could avail themselves of Conn. Gen. Stat. 52-592, stating:
 ". . . no matter what may be the excuse for the failure to serve the defendant within the time period limited by statute, the fact is that the defendant was not served within the limitation period . . . [by statute] and the original action, therefore, was not `commenced within the time limited by law.' The statute's very title, `Accidental failure of suit, allowance of a new action,' would hardly be appropriate if the statute were to encompass the failure of a suit because no proper service was in fact made in the original action." Donahue v. Dearborn, supra at p. 490-91.
Similarly, in Dulman v. Samse, supra, it was stated: ". . . this Court does not have to reach the question of whether or not the plaintiff has properly raised the accidental failure of suit issue, since even if it is properly considered in this case, this Court under the theory enunciated in Donahue v. Dearborn . . finds that it is not a proper defense to the statute of limitation bar in a situation where the original action was not properly commenced by proper service . . ." 4 C.S.C.R. at p. 70.
The cases plaintiff has attached to the memorandum in CT Page 478 opposition to the defendants' summary judgment motions are distinguishable from the present case. In Richard v. Colvin,4 C.S.C.R. 799 (1989), the plaintiff made timely service upon the defendant, but at the wrong address. And, in O'Connor v. Storm,3 C.S.C.R. 349 (1988), the defendant was also timely served, although pursuant to the wrong statute. In the present case, however, defendants were not served, properly or improperly, until after the statute of limitations had expired.
Plaintiffs maintain that the decision in Isaac v. Mount Sinai Hospital, 201 Conn. 721 (1989) controls this case. In Isaac, the plaintiff timely commenced the original action pursuant to General Statutes Section 52-555, the wrongful death action statute, alleging that she had been appointed administratrix of the decedent's estate. She subsequently discovered that she simply had been involved in the transfer of certain survivorship property and not actually named administratrix of the estate; when subsequently appointed administratrix, the three year limitation under Section 52-555 had expired. The plaintiff in Isaac brought the second suit, as duly appointed administratrix, under Section52-592 within one year of the dismissal of the original suit, but "more than three years from the date of the act or omission complained of." The Supreme Court, observing that Section 52-592
"is remedial and is to be liberally interpreted," framed the issue as "whether the accidental failure of suit statute authorizes the plaintiff to bring a new action for wrongful death where the original action was dismissed because at the time it was commenced the plaintiff was in fact not the administratrix of the decedent's estate;"[9] the Court resolved that issue in the affirmative holding that the preceding filing constituted an "action" within the meaning of Section 52-592, and that "action", having been "commenced within the time limited by law," was saved by the accidental failure of suit statute. As with the other cases cited by plaintiffs, the significant distinction between Isaac and the present case is that here the former action was not brought "within the time limited by law;" that is, within the time limitations mandated by General Statutes Sections 52-584
and 52-593a(a).
In Connecticut, an action is commenced on the date of service upon the defendant. Broderick v. Jackman, 167 Conn. 96, 99 (1974); Spalding v. Butts, 6 Conn. 28 (1825); Balboa Ins. Co. v. Zaleski,12 Conn. App. 529, 533 (1987). As stated, defendants here were not served within the time limit set forth in the applicable statute of limitation, Section 52-584. And, even if the process in the original action was delivered to the process server before the Section 52-584 time limitation had expired, it was not served on the defendants "within fifteen days of the delivery" as required by Section 52-593a. Since the first action was not saved by the terms of Section 52-593a, the action was not "commenced within CT Page 479 the time limited by law," a pre-condition for the operation of Section 52-592; therefore, the present action is not saved by the accidental failure of suit statute.
The court finds that there is no genuine issue of material fact with respect to defendants' second special defense (statute of limitations), and that defendants are entitled to judgment as a matter of law.
Accordingly, defendants' motions for summary judgment (#112 and #114) are hereby Granted.
MULCAHY, J.