[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
The plaintiff, Johnny McGhee, brought this action under42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. The plaintiff has filed a Second Revised Complaint in four counts. Count I sounds somewhat in false arrest or malicious prosecution but alleges negligent or carelessness against Paula Schwartz and Benoit Richard in their respective official capacities as Assistant Principal of Farmington High and teacher for having had the plaintiff arrested. Count II is an indemnification claim under Conn. Gen. Stat. 7-465(a) against the Town of Farmington. Count III is a claim under 42 U.S.C. § 1981, 1983, and 1988 against Schwartz and Richard in their official capacities. Count IV is also an indemnification claim against the Town as well as a claim under42 U.S.C. § 1981, 1983, and 1988. The defendants have moved to strike counts II, III, and IV of the plaintiff's Second Revised Complaint. The parties have filed appropriate memoranda of law.
The defendants claim Count II is insufficient because the plaintiff has failed to comply with the notice requirements of Conn. Gen. Stat. 7-465(a). The defendants contend Count III fails because the plaintiff has failed to allege sufficient facts in support of a statutory or constitutional deprivation. The defendants argue Count IV fails because the plaintiff has failed to allege constitutional violations pursuant to an official policy or custom. CT Page 5905
In contrast, the plaintiff argues that in Count II he has fully complied with the notice requirements of Conn. Gen. Stat.7-465(a). The plaintiff next contends that in Count III he has set forth sufficient facts to support a statutory or constitutional deprivation. The plaintiff lastly argues that since Count IV is a cause of action against the Town for indemnification under Conn. Gen. Stat. 7-465(a), he need not allege an official policy or custom of the Town.
The central issue as to Count II is whether the date of the arrest, June 5, 1986, or the date of the entry of the "nolle prosequi," October 1, 1986, is the date the cause of action accrued for purposes of running the six months' limitation period of Conn. Gen. Stat. 7-465(a). The plaintiff argues that the date of the entry of the nolle is when the cause of action accrued and, therefore, his written notice to the Town clerk was timely filed pursuant to Conn. Gen. Stat. 7-465(a). The defendant contends that the date of the arrest is when the cause of action accrued and, therefore, the plaintiff's notice was filed beyond the six months' limitation period of the statute.
Conn. Gen. Stat. 7-465(a) provides in pertinent part:
 No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.
"`A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff which entitles the plaintiff to relief'" Hayes v. Smith, 194 Conn. 52, 62 (1984) quoting Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 197 (1952). "`Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand."' D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162,182 (1983) quoting Eising v. Andrews, 66 Conn. 58, 64 (1895).
Plaintiff's complaint in Count I, paragraph 15, and Count II, paragraph 17, alleges as the underlying cause of action negligence or carelessness by the defendants in having him CT Page 5906 arrested. However, in his supporting memorandum of law the plaintiff argues his underlying cause of action sounds in false arrest or malicious prosecution.
First, treating the plaintiff's cause of action as a negligence action, it is found that the plaintiff's negligence cause of action accrued at the time of his arrest when the defendants' alleged negligent acts were completed and caused his arrest. The statute of limitations for negligent actions, Conn. Gen. Stat. 52-584, does not begin to run until the course of conduct is completed. Robbins v. McGuinness, 178 Conn. 258, 261
(1978). Since the plaintiff's arrest occurred on June 5, 1986, and his written notice is dated December 29, 1986, it is held that the plaintiff did not provide written notice to the Town within six months after the negligence cause of action accrued. Accordingly, the motion to strike Count II is granted.
Next, treating the plaintiff's cause of action as a false arrest or malicious prosecution action, such cause of action accrued at the time of the entry of the nolle, October 1, 1986. An essential element that a plaintiff must allege and prove in a false arrest or malicious prosecution is a favorable resolution of the underlying criminal charge. McHale v. W.B.S. Corp.,187 Conn. 444, 447 (1982). The plaintiff could not bring a complaint for false arrest before the entry of the nolle because he could not allege that which has yet to happen. If the plaintiff had brought such a complaint, it would have been subject to a motion to strike for want of alleging this essential element. Therefore, the plaintiff timely filed his written notice with respect to a false arrest claim. However, false arrest comes within the category of intentional torts. Green v. Donroe, 186 Conn. 265, 267-68 (1982). Conn. Gen. Stat,7-465(a) does not permit indemnification for employees' wilful and wanton acts. It is therefore held that the plaintiff cannot bring an indemnification claim under Conn. Gen. Stat. 7-465
against the Town based on a false arrest or malicious prosecution cause of action. Accordingly, count II is stricken.
As to Count IV, it is found that it should be stricken for two reasons. First, Count IV is essentially an indemnification claim against the Town and based on the above discussion should be stricken. Second, Count IV is also a claim under 42 U.S.C. § 1983
and the plaintiff has failed to allege any official policy or custom on the part of the Town or a person having policy-making authority. Monnell v. Department of Social Services, 436 U.S. 658 (1978). Moreover, Monnell holds that municipalities are not liable on the basis of mere respondeat superior. It is therefore concluded that Count IV be stricken as a legally insufficient indemnification claim and as a 1983 claim for want of an essential element. CT Page 5907
As to Count III, it should not be stricken. Whether the plaintiff's underlying cause of action is negligence, or a false arrest or malicious prosecution, he has sufficiently alleged facts to support a statutory or constitutional deprivation. The plaintiff has alleged 1) that the defendants were employees of the town; 2) that the defendants were acting under the color of law; 3) that the defendants caused him to be falsely arrested; and 4) that such arrest deprived him of liberty without due process of law and denied him of rights, privileges, and immunities secured under the fourth, fifth, andfourteenth amendments to the United States Constitution. "For liability to be imposed under [42 U.S.C. § 1983] it is essential to prove the actions complained of were taken `under color' of law." Green v. Donroe, 186 Conn. 2265, 272 (1982). The plaintiff has alleged this essential element. Therefore, the defendants' motion to strike Count III is denied.
Stengel, J.