[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE SUMMARY JUDGMENT
ISSUES AND SUBMISSIONS
Whether defendant Metals' motion for partial summary judgment against count two, paragraph seven of the plaintiff's amended complaint should be granted.
Whether defendant Dimeo's motion for summary judgment against counts three and four of the plaintiff's amended complaint should be granted.
FACTS
By amended complaint filed December 1, 1993, the plaintiff, Allied Crane Service, commenced an action against the defendants, Metals Recycling, Inc. ("Metals") and Dimeo Construction Co., dba Chapman Equipment Co. ("Dimeo") seeking compensation for damages sustained to a crane owned by the plaintiff. The plaintiff alleges the following facts.
On or about November 2, 1989, pursuant to a lease agreement ("agreement"), defendant Metals leased from the plaintiff a 1976 Grove Crane, Model No. RT-655, for a period of thirty days. Said crane was damaged while it remained in defendant Metals' possession. Counts one and two are directed against defendant Metals; counts three and four are directed CT Page 7997 against defendant Dimeo.
On December 13, 1993, defendant Metals filed an answer to the plaintiff's amended complaint. On March 17, 1994, defendant Dimeo filed an answer to the plaintiff's amended complaint along with a first special defense that some or all of the plaintiff's claims are barred by the statute of limitations and a second special defense that the plaintiff waived some or all of its claims through the parties' course of dealings.
On May 9, 1994, defendant Metals filed a motion for partial summary judgment against count two, paragraph seven of the plaintiff's amended complaint. Defendant Metals filed a supporting memorandum of law and supporting deposition testimony.
On May 17, 1994, defendant Dimeo filed a motion for summary judgment against counts three and four of the plaintiff's amended complaint. Defendant Dimeo filed a supporting memorandum of law and supporting affidavits and documents.
On June 3, 1994, the plaintiff filed memoranda of law in opposition to defendant Metals' motion for partial summary judgment and defendant Dimeo's motion for summary judgment.
DISCUSSION
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnsonv. Meehan, 225 Conn. 528, 534-35, 626 A.2d 244 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334
(1991). "If it appears that the defense applies to only part of the claim, or that any part is admitted, the moving party may have final judgment forthwith for so much of his claim as the defense does not apply to. . . ." Practice Book § 386.
The "party seeking summary judgment has the burden of CT Page 7998 showing the nonexistence of any material fact. . . ." (Citation omitted.) Connecticut Bank Trust Co. v. CarriageLane Associates, supra. "The courts hold the movant to a strict standard." D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v.Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992).
Defendant Metals' Motion for Partial Summary Judgment
Count two, Paragraph seven of the plaintiff's amended complaint contains the following claim: "[defendant Metals] breached [the agreement] . . . by failing to provide it with a Certificate of Insurance naming the Lessor as an insured `to the extent of the total value of the leased equipment.'" Defendant Metals argues that summary judgment should be granted as to this paragraph because the plaintiff waived said claim. In support of its argument, defendant Metals cites the following deposition testimony from Robert C. Roark, Jr. ("Roark"), an employee of the plaintiff:
 Q: Did you receive [a certificate of insurance from defendant Metals]?
A: No, we didn't.
. . .
 Q: You understood from your prior dealings with them that they had coverage which could cover the equipment? CT Page 7999
A: Yes.
. . .
 Q: My question is, you had done business with [defendant Metals] before and knew that [defendant Metals] had insurance, which satisfied you so that you didn't follow up with them when the certificate of insurance didn't show up on you fax machine?
A: Yes.
The plaintiff argues that defendant Metals' motion for partial summary judgment should be denied because there was no such waiver. In support of this argument, the plaintiff submits an affidavit from Roark, in which Roark attests that defendant Metals "agreed to provide a Certificate of Insurance." Roark further attests that the plaintiff "did not waive its right (pursuant to the lease agreement) to have a Certificate of Insurance provided by [defendant Metals]."
The court finds that there exists a genuine issue as to a material fact regarding whether the plaintiff waived certificate of insurance requirement. Therefore, defendant Metals' motion for partial summary judgment against count two, paragraph seven of the plaintiff's amended complaint is denied.
Defendant Dimeo's Motion for Summary Judgment Count Three
Defendant Dimeo argues that count three is proper for summary adjudication because all allegations contained therein arise from an agreement to which defendant Dimeo was not a party. The plaintiff argues that defendant Dimeo was a party to the agreement. The plaintiff, thus, argues that because there exists this genuine issue of material fact, defendant Dimeo's motion for summary judgment on this ground should be denied.
Count three contains allegations that, pursuant to the agreement, defendant Dimeo leased said crane from the plaintiff. The agreement is dated November 2, 1989, and designates the plaintiff as lessor and defendant Dimeo as lessee. Defendant Dimeo argues that it is not a party to the agreement because the agreement was signed, adjacent to CT Page 8000 "LESSEE," by Pat Izzo, Jr., a representative of defendant Metals. The plaintiff argues that because defendant Dimeo is designated adjacent to "LESSEE," defendant Dimeo is a party to the agreement.
There exists a genuine issue as to a material fact regarding whether defendant Dimeo is a party to the agreement. Therefore, defendant Dimeo's motion for summary judgment against count three of the plaintiff's amended complaint is denied.
Count Four Statute of Limitations
Defendant Dimeo argues that count four is barred by the statute of limitations for negligence actions. The plaintiff argues that "[a] fair reading of the Fourth Count clearly indicates that the Fourth Count is brought on the basis of contract law." See Plaintiff's Memorandum of Law, P. 5. The plaintiff accordingly argues that count four was timely commenced under the statute of limitations for contract actions.
Whether the plaintiff has pleaded a contract cause of action as opposed to a negligence cause of action is determined by the language of the complaint. See Mac's CarCity, Inc. v. DeNigris, 18 Conn. App. 525, 530, 559 A.2d 712
(1989) ("tort statute of limitations applied because the complaint in question was couched in the language of tort rather than contract."); Morrison v. Zenobia, 1 Conn. App. 7,8, 467 A.2d 682 (1983) ("the substance of the complaint clearly sounds in tort."); Nowakowski v. Rozbicki, 39 Conn. Sup. 458,461, 466 A.2d 353 (App. Sess. 1983) ("defendant's failure to perform the terms of his agreement with the plaintiffs . . . clearly sounds in contract.")
Count four of the plaintiff's amended complaint contains the following allegations.
 [T]he defendants had an implied contractual duty to the plaintiff, as the owner of the subject leased equipment, to do one or more of the following while the crane was in their possession:
(a) To properly operate said crane; CT Page 8001
 (b) To fully and adequately train their operators in the proper use of said crane;
 (c) To adequately assess the clearance of fixtures or structures;
 (d) To take the proper precautions to protect the crane;
 (e) To insure that the crane was operated in a safe and reasonable manner;
 Said damage [to the crane] was a direct and proximate result of the breach of the defendants' implied contractual duties to the plaintiff as a third party beneficiary. . . .
Viewing the evidence in the light most favorable to the nonmoving party, the court finds that the plaintiff has pleaded a contract cause of action. There is a six-year statute of limitations for commencing an action "for an account, or on any simple or implied contract, or on any contract in writing. . . ." General Statutes § 52-576(a). The court therefore finds that the six-year statute of limitations governs the present action.
"`[A]n action is commenced on the date of service of the writ upon the defendant.'" (Citations omitted.) McGaffin v.Roberts, 193 Conn. 393, 401 n. 9, 476 A.2d 1057 (1984). A cause of action for breach of contract "`is complete at the time the breach of contract occurs, that is, when the injury has been inflicted.'" Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 156, 464 A.2d 18 (1983), quoting Kennedy v.Johns-Manville Sales Corporation, 135 Conn. 176, 180,62 A.2d 771 (1948).
Defendant Dimeo was served with the plaintiff's amended complaint July 29, 1993. Defendant Dimeo argues that the plaintiff's claimed injuries "must have been sustained between November 2, 1989 and December 1, 1989 and must have been discovered in January of 1990. . . ." See Defendant Dimeo's Memorandum of Law, P. 11. Because the plaintiff served defendant Dimeo within six years of any of these dates, the plaintiff's action against defendant Dimeo was timely CT Page 8002 commenced. As to this argument, defendant Dimeo is not entitled to judgment as a matter of law.
Third-party Beneficiary
Count four contains the following allegations. On or before November 2, 1989, the defendants agreed to lease said crane from the plaintiff. This agreement was for the mutual benefit of both defendants and the plaintiff was the third-party beneficiary to the implied contractual obligations imposed upon the defendants by the agreement. The plaintiff alleges that because said crane was damaged while in the possession of the defendants, the defendants violated their implied contractual duties to the plaintiff as a third-party beneficiary to the contract between the defendants.
Defendant Dimeo argues that count four is proper for summary adjudication because the plaintiff is not a third-party beneficiary of a contract between defendant Metals and defendant Dimeo. The plaintiff argues that because the plaintiff is a third-party beneficiary of said contract, there exists a genuine issue of material fact and defendant Dimeo's motion for summary judgment on this ground should be denied.
"In order to be a third-party beneficiary under Connecticut law, the parties to the contract must have intended that the promisor would assume a direct obligation to the third parties." Andreo v. Friedlander, Gaines, Cohen,Rosenthal Rosenberg, 660 F. Sup. 1362, 1373 (D. Conn. 1987), citing Knapp v. New Haven Road Construction Co., 150 Conn. 321,325, 189 A.2d 386 (1963). "[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." (Footnote omitted.) Stowe v.Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981).
Defendant Dimeo submits an affidavit from James Scanlon ("Scanlon"), District Sales Manager of defendant Dimeo, in which Scanlon attests that defendant Dimeo's sole role in connection with the lease of said crane was to arrange a transaction between the plaintiff and defendant Metals. Scanlon further attests that said "crane was not used for [defendant Dimeo's] benefit, and the only benefit [defendant Dimeo] received from the transaction was the fee [defendant Dimeo] obtained for arranging it." (Emphasis in original.) CT Page 8003 The plaintiff argues that defendant Dimeo received a transaction fee and the plaintiff received a benefit from the lease of said crane.
Under the agreement, "Lessee assumes full responsibility for damage, loss or destruction of leased equipment. . . ." Thus, under the agreement, the lessee is obligated to the lessor. However, because there exists a genuine issue as to a material fact regarding whether defendant Dimeo is a party to the agreement, the court finds that there exists a genuine issue as to a material fact regarding whether defendant Dimeo assumed a direct obligation to the plaintiff. As to this argument, defendant Dimeo has failed to meet its burden of showing the nonexistence of any material fact.
CONCLUSION
For the foregoing reasons, defendant Metals' motion for partial summary judgment against count two, paragraph seven of the plaintiff's amended complaint is denied. Defendant Dimeo's motion for summary judgment against counts three and four of the plaintiff's amended complaint is also denied.
Hurley, J.