[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The issue before the court is whether the plaintiff commenced her action within the time period prescribed by the applicable statute of limitations. On June 21, 1994, the plaintiff, Mary Hansen, commenced the present action against the defendant Robert C. White Co., Inc. (White Co.) As to the named defendant, Huntington Realty, Inc. (Huntington), the action was commenced on June 22, 1994. See Sheriff's Return of Service.
The revised complaint, filed on December 14, 1994, alleges, and for the purposes of this motion it is undisputed, that on January 5, 1992, Hansen slipped and twisted her ankle on a cracked and uneven, egress and ingress rear walkway to her apartment building. As a result, Hansen allegedly suffered economic and noneconomic damages. Huntington owned, possessed and controlled the property consisting of the rear walkway. White Co. was employed by Huntington to act as the managing agent for the plaintiff's apartment complex.
The revised complaint is in five counts. The first count alleges that the plaintiff's personal injuries, and resulting economic and noneconomic damages, were caused by the defendants' negligence, in that the defendants failed to maintain the rear walkway in a condition safe for its intended use. The second and third counts allege that the plaintiff's injuries and resulting damages were caused by a nuisance created by the defendants. The fourth count alleges that the plaintiff's injuries and damages were caused by the defendants failure to maintain the property in a safe condition as required by General Statutes § 47a-7. In the fifth count, not of relevance to the issues presently before the court, the plaintiff sets forth a cause of action under the Connecticut Unfair Trade Practices Act.
On June 13, 1995, the defendants moved for summary judgment as to counts one through four, inclusive, claiming that the causes of actions therein are barred by the applicable statute of limitations. The standard of review of a motion for summary judgment is well settled: "Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 384 provides: `The judgment sought shall be rendered forthwith if the CT Page 584 pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court must `view the evidence in the light most favorable to the nonmoving party.' (Internal quotation marks omitted.) Water Way Properties v. ColtMfg. Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). `Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is nevertheless] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists.' (Citations omitted; internal quotation marks omitted.) Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992);Connell v. Colwell, 214 Conn. 242, 251, 571 A.2d 116
(1990). The mere presence of an adverse claim will not in itself defeat the motion. Wadia Enterprises, Inc. v.Hirschfeld, supra, 247." Busconi v. Dighello, 39 Conn. App. 753,761-62, ___ A.2d ___ (1995).
The defendants filed a memorandum of law in support of the motion for summary judgment, and the plaintiff filed a memorandum in opposition.
A. Count One — Negligence
The first count alleges a cause of action in negligence. At oral argument, the plaintiff conceded that the negligence action is time barred by the applicable statute of limitations, General Statutes § 52-584.[1] The court agrees and concludes that the first count is barred by § 52-584 because the plaintiff failed to commence her action within two years from the date she sustained her injury.
B. Counts Two and Three — Nuisance
The defendants contend that both the second and third counts allege a cause of action for negligent nuisance. The defendants further claim that the statute of limitations applicable to a negligent nuisance cause of action is General Statutes § 52-584. See FN 1. The defendants therefore argue that the second and third counts are time barred because the plaintiff failed to commence CT Page 585 her action within two years from the date she sustained her injury.
The plaintiff's argument in response is two-fold. First, the plaintiff claims that the second count is a cause of action for absolute nuisance, not negligent nuisance as the defendants contend. The plaintiff therefore argues that the applicable statute of limitations for the second count is General Statutes § 52-577[2] and not § 52-584 as the defendants contend. Compare FN 1 to FN 2. Accordingly, the plaintiff argues that the second count is not time barred because the plaintiff commenced her action within three years from the act or ommission complained of. See FN 2.
Second, the plaintiff admits that the third count alleges a cause of action for negligent nuisance. Contrary to the defendants, however, the plaintiff argues that § 52-577, not § 52-584, is the applicable statute of limitations for negligent nuisance. Therefore, the plaintiff argues that since the present action was commenced within three years from the alleged wrongful conduct that caused the plaintiff's injury, it is not time barred by the applicable statute of limitations.
"The burden rests on the plaintiff to allege a recognizable cause of action. . . . `Such a requirement has its basis in two principles inherent in our procedure: The first is that in any action the complainant is required to set forth facts upon the basis of which, if true, he may be able to establish in law a right to relief, for unless that is done, the pleading is [subject to a motion to strike] . . . and the second [principle] is that a pleading must fairly apprise the court and the adverse party of the claims to be made. . . .'" (Citations omitted.) Rossignolv. Danbury School of Aeronautics, Inc., 154 Conn. 549, 557-58,227 A.2d 418 (1967).
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property.State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183, 527 A.2d 688 (1987). The term nuisance refers to the condition that exists and not to the act or failure to act that creates it. If the creator of the CT Page 586 condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is strictly liable.DeLahunta v. Waterbury, 134 Conn. 630, 633-34,59 A.2d 800 (1948). If the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance.Kostyal v. Cass, 163 Conn. 92, 98-99, 302 A.2d 121
(1972)." Quinnett v. Newman, 213 Conn. 343, 348-49,568 A.2d 786 (1990). "In order to establish a cause of action in nuisance, the plaintiff must prove that the inherently dangerous condition is a continuing one and was the proximate cause of the plaintiff's injuries and damages." Id. Conduct that may cause an actor to be liable for a nuisance may be "a failure to act under circumstances in which the actor is under a duty to take positive action to prevent or abate . . . the invasion of the private interest." See Restatement (Second) of Torts, §§ 822, 824, 839.[3]
In the second count, the plaintiff alleges that Huntington owned and possessed the property consisting of the rear walkway, and that the White Co. was hired by Huntington to manage its property, including the rear walkway. The second count further alleges that the defendants created and/or maintained the rear walkway in a cracked and uneven condition, and said walkway constituted an unreasonable and inherently dangerous condition based on the rear walkway's intended use.
These allegations, viewed in the most favorable light to the plaintiff, sufficiently allege a cause of action for absolute nuisance. See Restatement (second) of Torts, §§ 822, 824, 839. Evidence may be offered under these allegations that the defendants knew about the rear walkway's state of disrepair, yet, nevertheless intentionally decided not repair it. Such evidence would evince an intentional decision not to abate a condition inherently dangerous to others on the property. If so proven, the defendants may be liable to the plaintiff under an absolute nuisance theory. Restatement (Second) of Torts, § 822, 824, 839. Accordingly, the court finds that the second count sufficiently pleads a cause of action for absolute nuisance, and the third count CT Page 587 sufficiently pleads a cause of action for negligent nuisance.
The time in which a plaintiff has to commence an action for absolute nuisance is governed by General Statutes § 52-577. See Maynard v. New Haven Gas Co.,20 Conn. Sup. 31, 33, (Sup.Ct. 1955). Furthermore, notwithstanding the plaintiff's argument to the contrary, this court agrees with Judge Goldberg in Szponar v.Starsiak, Superior Court, judicial district of Hartford at New Britain, Docket No. 452914 (July 19, 1993,8 C.S.C.R. 856), that General Statutes § 52-584 is the statute of limitations that governs negligent nuisance actions. Accordingly, since it is undisputed that the plaintiff commenced the present action approximately two and one-half years after she sustained her injuries, the court concludes that second count was brought within the applicable statute of limitations, § 52-577; however, the court concludes that the third count is time barred by §52-584.
D. Count Four — Negligence Per Se
The defendants claim that the fourth count alleges a cause of action for negligence per se. The defendants assert that General Statutes § 52-584 is the statute of limitations for a negligence per se action. Therefore, the defendants argue that since the plaintiff failed to commence the present action within two years from the date she sustained her injuries, it is time barred by §52-584.
The plaintiff claims that the fourth count is a breach of contract action, and thus, the time permitted to file said action is governed by either General Statutes § 52-576 or § 52-581.[4] Therefore, the plaintiff argues that since the present action was commenced within three years from the date she sustained her injuries, the fourth count survives whether governed by § 52-576 or §52-581.
"Damages for breach of contract are such as arise naturally from the breach itself or as may reasonably be within the contemplation of the parties at the time of making the contract as a probable result of a breach CT Page 588 thereof." Nowakowski v. Rozbicki, 39 Conn. Sup. 458,461, 466 A.2d 353 (App.Ct. 1983). The damages claimed by the plaintiff in the fourth count indicate that the cause of action in the fourth count is truly founded in tort and not contract. In the fourth count, the plaintiff seeks damages for her personal injuries, medical bills and lost wages. These claimed damages are not damages that arise from the breach of a lease, but rather naturally flow from an action founded in tort. Id. The plaintiff cannot transform an action founded in tort into an action founded in contract by the mere inclusion of an allegation that Huntington breached the lease. See Shuster v. Buckley, 5 Conn. App. 473, 477-78,500 A.2d 240 (1985).
Therefore, the court concludes that the fourth count alleges a cause of action for negligence per se. The statute of limitations that governs actions for negligence per se is § 52-584. Accordingly, since the plaintiff failed to commence the present action within two years from the date she sustained her injuries, the fourth count is time barred by the applicable statute of limitations.
CONCLUSION
The plaintiff commenced her action approximately two and one-half years after she sustained her injuries. Therefore, counts one, three and four, which set forth causes of actions based in negligence, are time barred by the applicable statute of limitations, General Statutes §52-584. Count two, however, sufficiently alleges a cause of action for absolute nuisance, and thus, count two is not time barred because the plaintiff commenced her action within the three year requirement of General Statutes § 52-577. Accordingly, the defendants' motion for summary judgment is granted as to counts one, three and four, and denied as to count two.
M. Hennessey, J.