[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SUMMARY JUDGMENT (#156)
On August 11, 1995, the plaintiffs, Francesco and Maria Perna, filed a seven count, fourth amended revised complaint alleging various causes of action against two attorneys, Richard M. Gordon and Ward J. Mazzucco.
In count one, entitled "Breach of Contract — Defendant Mazzucco," the plaintiffs allege that they "entered into a contractual relationship with defendant Ward J. Mazzucco whereby the defendant Mazzucco was expected to render, in a competent and professional manner, legal services to the plaintiffs in connection with a real estate transaction involving property located at 439 Candlewood Lake Road of Brookfield, Connecticut." CT Page 3147 This property "was purchased for the purpose of relocating and expanding the plaintiffs' restaurant for a 200 seat capacity." In order to finance the restaurant purchase, the plaintiffs executed two mortgages with Danbury Savings Loan: one mortgage, in the amount of $164,000.00 encumbered their home; the second mortgage in the amount of $294,000.00 encumbered the restaurant.
The plaintiffs allege that without their knowledge or consent, Mazzucco simultaneously represented Danbury Savings Loan and the plaintiffs during the process of financing and closing on the property. The plaintiffs allege that Mazzucco's responsibilities as their attorney included obtaining a correct and properly prepared appraisal, fully investigating any applicable zoning ordinances, and advising the plaintiffs as to the business and legal aspects of the transaction. The plaintiffs further allege that subsequent to the closing on the restaurant, the plaintiffs discovered that the restaurant would not satisfy their business and legal needs because certain zoning restrictions on the restaurant property prohibited the restaurant from turning a profit. As a result, Danbury Savings Loan filed a foreclosure action and on April 3, 1993 the plaintiffs lost their home by way of strict foreclosure. Danbury Savings Loan has also filed a foreclosure action against the restaurant, this action is still pending. The plaintiffs allege that "Mazzucco breached his contract with the plaintiffs by failing to, in good faith, deal fairly with the plaintiffs, failing to obtain a correct and properly prepared appraisal, failing to fully investigate any applicable zoning ordinance and advise the plaintiff's [sic] of same, failing to adequately protect their interests, and by failing to render competent professional service."
Count two, entitled "Breach of fiduciary duty and professional standard of care — defendant Mazzucco," was withdrawn by the plaintiffs on November 11, 1996. Counts three, four, and five are directed at defendant Gordon. Gordon has not moved for summary judgment and is not a party to this motion for summary judgment.[1]
Mazzucco has pleaded eight special defenses,[2] only the first is pertinent to this motion for summary judgment. In the first special defense, Mazzucco claims that counts one and two of the complaint are barred by General Statutes § 52-577.[3]
On March 13, 1995, the plaintiffs claimed this case for the CT Page 3148 civil trial list. On March 25, 1996, Mazzucco filed a request for permission to file a motion for summary judgment. The court, Moraghan, J., granted this request on September 16, 1996.
On November 4, 1996, Mazzucco filed a motion for summary judgment together with a supporting memorandum of law, and an affidavit of Mazzucco. Mazzucco moves for summary judgment as to counts one and two of the plaintiffs' complaint on the grounds that these claims are barred by the applicable statute of limitations.[4]
On November 13, 1996, the plaintiffs filed an objection to Mazzucco's motion for summary judgment together with a supporting memorandum of law, and various affidavits. The plaintiffs object to the motion for summary judgment on the grounds that there are disputed issues of material fact and that the plaintiffs' cause of action is not barred by the applicable statute of limitations. Presently before the court is Mazzucco's motion for summary judgment as to count one of the complaint.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Dotyv. Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996); Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Summary judgment may be granted where the claim is barred by the statute of limitations." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, supra,238 Conn. 805-06; see Practice Book § 381.
In count one, the plaintiffs allege that they "entered into a contractual relationship with defendant Ward J. Mazzucco . . ." whereby Mazzucco agreed to provide certain legal services. The plaintiffs further allege that "Mazzucco breached his contract with the plaintiffs . . ." by failing to provide the agreed upon services and thereby caused the plaintiffs to suffer damages. Mazzucco argues that despite the plaintiffs' use of breach of CT Page 3149 contract language, count one is essentially a claim for legal malpractice and, therefore, is barred by the three year statute of limitations contained in General Statutes § 52-577.[5]
The plaintiffs argue that they have properly alleged a claim of breach of contract within the applicable a six year statute of limitations contained in General Statutes § 52-576.[6]
There is no dispute between the parties that Mazzucco's alleged breach of contract occurred, if at all, between September 20, 1988, and November 7, 1988. (Affidavit of Mazzucco, pp. 1-3; Affidavit of Francesco Perna, pp. 1-2; and, Affidavit of Maria Perna, pp. 1-2). There is also no genuine issue as to the fact that the present action was commenced against Mazzucco on June 21, 1993. (Sheriff's Return). The present action was therefore commenced outside of the three year limitation period contained in General Statutes § 52-577, but within the six year limitation period contained in General Statutes § 52-576.
Thus, the dispositive issue is whether count one alleges a breach of contract action subject to the six year statute of limitations contained in § 52-576, or whether it states a malpractice claim subject to the three year statute of limitations contained in § 52-577.
"[T]he interpretation of pleadings is always a question of law for the court . . . ." United Components, Inc. v. Wdowiak,239 Conn. 259, 264, 684 A.2d 693 (1996); Grimes v. HousingAuthority of New Haven, 42 Conn. App. 324, 328-29, 679 A.2d 397, cert. granted, 239 Conn. 918, 682 A.2d 1000 (1996) (The interpretation of pleadings in the summary judgment context is a question of law for the court.).
The Supreme Court has recognized that an action against an attorney can lie in both contract and tort. Krawczyk v. Stingle,208 Conn. 239, 245, 543 A.2d 733 (1988) ("An attorney alleged to have erred in the preparation of a will may be held liable to the intended beneficiary of the will under either a tort or contract theory of liability."); Stowe v. Smith, 184 Conn. 194, 198-99,441 A.2d 81 (1981); see also Robbins v. McGuiness, 178 Conn. 258,423 A.2d 897 (1979). In Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525, 529-30, 559 A.2d 712, cert. denied 212 Conn. 807,___ A.2d ___ (1989), the Appellate Court held that claims against an attorney may be pleaded both in tort and in contract.[7] InWestport Bank Trust Co. v. Corcoran, Mallin Aresco,
CT Page 3150221 Conn. 490, 605 A.2d 862 (1992), the plaintiff alleged claims for negligence and breach of contract against its attorneys. TheWestport court noted that the plaintiff's "allegations . . . clearly alleged, in count one, a breach of a direct attorney-client contract and, in count three, the tort of legal malpractice by an attorney with respect to his client." Id. 494 n. 5.
"Where two distinct causes of action arise from the same wrong, each is controlled by the statute of limitations appropriate to it." Mac's Car City, Inc. v. DeNigris, supra,18 Conn. App. 530, quoting Perzanowski v. New Britain,183 Conn. 504, 506, 440 A.2d 763 (1981). Where "the complaint alleges the defendant's [lawyer's] failure to perform the terms of his agreement with the plaintiffs and, therefore, clearly sounds in contract . . . the tort statute of limitations is inapplicable."Nowakowski v. Rozbicki, 39 Conn. Sup. 458, 461, 466 A.2d 353
(App. Sess. 1983). "[T]he longer contract statute of limitations [applies] to an action against an attorney as long as the plaintiff [takes] heed to assure that his complaint is couched in the language of contract." (Internal quotation marks omitted.)Thomas v. Mazzuco, Superior Court, judicial district of Litchfield, Docket No. 06 46 78 (April 23, 1996, Pickett, J.), quoting Mac's Car City, Inc. v. DeNigris, supra, 529; see EvansCooling Associates v. Reid Reige, P.C., Superior Court, Judicial District of Litchfield, Docket No. 06 94 25 (September 6, 1996, Dranginis, J.) (Where a complaint alleges claims sounding in breach of contract against a law firm, the torts statute of limitation is not applicable to those claims.).
Where, however, the plaintiff asserts a breach of contract claim which is "couched in the language of tort rather than contract . . .[,]" the tort statute of limitations is applicable. Mac's Car City, Inc. v. DeNigris, supra,18 Conn. App. 530; Shuster v. Buckley, supra, 5 Conn. App. 478. In Barnesv. Schlein, 192 Conn. 732, 735-36, 473 A.2d 1221 (1984), the Supreme Court held that the tort statute of limitations, not the contract statute of limitations applied to a medical malpractice action. The Barnes court stated that "[a] fair reading of the complaint reveals that the gravamen of the suit was the alleged failure by the defendant [doctor] to exercise the requisite standard of care. [The plaintiff's] complaint is absolutely barren of any allegation that the defendant breached any contractual agreement with the [plaintiff]." (Footnote omitted.) Id. Accordingly, the Barnes court held that the trial court did not err in granting the defendant's motion for summary judgment CT Page 3151 on the ground that the plaintiff commenced her lawsuit beyond the two year limitation period found in General Statutes §52-584. Barnes v. Schlein, supra, 192 Conn. 735-36. "In [Barnes], however, the issue was not whether a plaintiff could sue both in tort and in contract, and the Supreme Court made no mention of multiple counts nor of the viability of any contract claim after the negligence claim was disposed of on a motion for summary judgment involving the statute of limitations. . . . The [Barnes]
Court ruled that the statute of limitations for contract did not apply in that case because the plaintiff had not alleged breach of contract . . . ." Fontanella v. Chrysler Corp., Superior Court, Judicial District of New Haven at New Haven, Docket No. 36 47 64 (April 18, 1996, Hodgson, J.).
The aforementioned case law indicates that the critical inquiry for the trial court in determining which statute of limitation applies, concerns the language contained in the allegations of the complaint. If the putative breach of contract claim against an attorney is "couched in the language of tort . . .[,]" the tort statute of limitations applies. Mac'sCar City, Inc. v. DeNigris, supra, 18 Conn. App. 529-30. If however, the putative breach of contract claim against an attorney is "couched in the language of contract, . . ." the contract statute of limitations applies. Id.; Thomas v. Mazzucco,
supra.
In count one of the present case, the plaintiffs expressly allege that they entered into a contract with Mazzucco whereby Mazzucco agreed to perform certain services. The plaintiffs also allege that Mazzucco breached this contract.
The plaintiffs have sufficiently alleged a claim for breach of contract against Mazzucco in count one. See Mac's Car City,Inc. v. DeNigris, supra, 18 Conn. App. 529-30; Thomas v.Mazzucco, supra. The plaintiffs have commenced the present action within the applicable six year period provided by General Statutes § 52-576. Moreover, "[w]hether or not a contract existed, and the nature of the contract between the parties clearly presents questions of fact." Evans Cooling Associates v.Reid Reige, P.C., supra.
Accordingly, the defendant, Mazzucco's, Motion for Summary Judgment is denied.
BY THE COURT CT Page 3152
CARROLL, J.